IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ISIDRO ALVARADO, | § | |
| TDCJ-CID #1205355, | § | |
|           Petitioner, | § | |
| | § | |
| v. | § | C.A. NO. C-06-371 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| DIRECTOR, TDCJ-CID, | § | |
|           Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION
ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner is an inmate in the Texas Department of Criminal Justice,

Criminal Institutions Division ("TDCJ-CID"), and currently is incarcerated at the

Lynaugh Unit in Fort Stockton, Texas.  Proceeding pro se, petitioner filed this

habeas corpus petition pursuant to 28 U.S.C. §§ 2241, 2254 on August 19, 2006.

(D.E. 1).  On March 8, 2007, respondent filed a motion for summary judgment

arguing that petitioner's habeas petition is time barred and that petitioner's claims

are without merit.  (D.E. 18).  For the reasons stated herein, it is respectfully

recommended that the respondent's motion for summary judgment be granted.

**I.  JURISDICTION**

The Court has jurisdiction over the subject matter and the parties pursuant to

28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the

inmate is confined, or where the conviction was obtained.  28 U.S.C. § 2241(d);

Wadsworth v. Johnson, 235 F.3d 959, 961 (5th Cir. 2000).  Petitioner was

convicted by the 117th Judicial District Court of Nueces County, Texas.

Therefore, jurisdiction is proper in this Court.

## II.  BACKGROUND

**A.     Procedural Background.**

Respondent has lawful custody of petitioner pursuant to a judgment and

conviction of the 117th Judicial District Court of Nueces County, Texas, in cause

number 03-CR-2399-B, styled The State of Texas v. Isidro Alvarado.  Ex parte

Alvarado, App. No. WR-65,156-01, at 46.  Petitioner pleaded guilty to aggravated

assault.  Id.  However, petitioner did not plead guilty pursuant to the state's offer of

a plea agreement for five years imprisonment, but instead, elected to have the judge

assess punishment.  Id. at 26-27.  On December 15, 2003, the trial court found that

petitioner used a deadly weapon in the commission of the offense, and sentenced

him as a repeat offender to twelve years confinement in TDCJ-CID.  Id. at 46.

Petitioner filed a notice of appeal on August 13, 2004.  On November 4,

2004, the Thirteenth Court of Appeals of Texas dismissed his appeal as untimely.

Alvarado v. State, No. 13-04-439-CR, 2004 WL 2634473 (Tex. App. Nov. 4,

2004) (per curiam) (unpublished).  The record does not indicate that petitioner filed

a petition for discretionary review with the Texas Court of Criminal Appeals.  On

June 7, 2006, he filed a state application for habeas relief.  Ex parte Alvarado, App.

No. WR-65,156-01, at 2.  The Texas Court of Criminal Appeals denied his

application without written order based on the findings of the trial court on July 26,

2006.  Id. at cover.

**B.     Factual Background.**

Witnesses signed statements alleging that in June 2003, petitioner was

stalking and following Diana Deanda.  Ex parte Alvarado, App. No. WR-65,156-

01, at 38-40.  One Friday evening, petitioner showed up at the "Sugar Shack Club"

where Ms. Deanda, her sister, Cindy Truan Cisneros, and her sister's boyfriend,

Justo Flores, III, were present.  Id.  He followed the group back to Ms. Deanda's

apartment.  Id.  Ms. Cisneros and Mr. Flores waited outside until petitioner arrived.

Id.  He brandished a knife and swung it at Ms. Cisneros, cutting her hand.  Id.

Police reports indicate that the victim did not seek medical attention.  Id. at 44.

## III.  PETITIONER'S ALLEGATIONS

Petitioner raises the following claims in his petition for habeas relief:

(1)     Petitioner claims that he received ineffective assistance of counsel

because counsel failed to properly investigate the case.  (D.E. 1, at 7).

(2)     Petitioner claims that there was insufficient evidence to support his

conviction.  <u>Id.</u>

## IV.  EXHAUSTION OF STATE COURT REMEDIES

**A.      The AEDPA's Exhaustion of State Remedies Standard**.

A federal writ of habeas corpus from an inmate in state custody shall not be granted unless the inmate has exhausted his remedies at law in the state courts, or there is an absence of state court remedies or circumstances that render state remedies insufficient to protect the individual's rights.  28 U.S.C. § 2254(b)(1).

The exhaustion requirement ensures that state courts have an opportunity to consider federal law challenges to state custody before the federal courts can entertain such assertions.  <u>Duncan v. Walker</u>, 533 U.S. 167, 178-79 (2001).  The substance of a habeas petitioner's claim must have been "fairly presented" to state courts before being presented to the federal courts.  <u>Nobles v. Johnson</u>, 127 F.3d 409, 420 (5th Cir. 1997) (citing <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971)).  "[A] habeas petitioner fails to exhaust state remedies when he presents material additional evidentiary support to the federal court that was not presented to the state court."  <u>Graham v. Johnson</u>, 94 F.3d 958, 968 (5th Cir. 1996) (per curiam) (citation omitted).  If a claim is "in a significantly different and stronger evidentiary posture than it was before the state courts," then the exhaustion requirement of § 2254(b) has not been met.  <u>Joyner v. King</u>, 786 F.2d 1317, 1320

4

(5th Cir. 1986).

However, where new information provided by petitioner "does not fundamentally alter" the claim, but supplements the record, it "does not place the claim [] in a significantly different legal posture."  Morris v. Dretke, 413 F.3d 484, 496 (5th Cir. 2005) (citation omitted).  In Morris, the Fifth Circuit found that while the petitioner's claim was "in a comparatively stronger evidentiary posture," this was mitigated in favor of exhaustion due to several factors, including a finding that petitioner's briefs in state court were detailed in both law and fact, the new evidence did not "fundamentally alter [the petitioner's] state claim," and nothing in the record indicated an "'attempt [] to expedite federal review by deliberately withholding essential facts from the state courts.'"  Id. (citations omitted).

Where a petitioner "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,'" then the claims are procedurally defaulted.  Nobles, 127 F.3d at 420 (quoting Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)).  Federal habeas relief may only be granted on procedurally defaulted claims if petitioner "can demonstrate cause for default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental

5

miscarriage of justice." Moawad v. Anderson, 143 F.3d 942, 947 (5th Cir. 1998) (citation omitted). A claim is procedurally barred from federal habeas review if the petitioner would be precluded from exhausting the same claim in state court pursuant to the Texas abuse of the writ doctrine. Horsley v. Johnson, 197 F.3d 134, 136-37 (5th Cir. 1999).

Finally, a writ of habeas corpus may be denied on the merits regardless of whether petitioner exhausted his state remedies. 28 U.S.C. § 2254(b)(2).

**B.  Petitioner's Exhausted Claim.**

Respondent concedes that petitioner properly exhausted his claim of ineffective assistance of counsel. (D.E. 18, at 3).

**C.  Petitioner's Improperly Exhausted Claim.**

Respondent contends that petitioner's claim of insufficient evidence is procedurally defaulted because petitioner failed to raise the claim on direct appeal of his conviction. (D.E. 18, at 10-11). Texas law provides that the proper forum for a sufficiency of the evidence claim is a defendant's direct appeal, not post-conviction habeas review. See Ex parte Easter, 615 S.W.2d 719, 721 (Tex. Crim. App. 1981) (citation omitted).

The Fifth Circuit has explained that a petitioner who has failed to present his claims on direct appeal cannot seek federal habeas relief until the claims have been

6

raised and adjudicated in a state habeas proceeding.  See Ames v. Middlebrooks, 369 F.2d 113, 115 (5th Cir. 1966); see also Gardner v. Blackburn, 569 F.2d 856, 857 (5th Cir. 1978) (per curiam) (petitioner who did not present federal habeas issue during his state direct appeal has not fairly presented the issue to state court). Additionally, a petitioner who raises a claim in a manner in which the merits will not be considered has not fairly presented his claim to state courts.  See Castille v. Peoples, 489 U.S. 346, 351 (1989).  The Fifth Circuit has consistently explained:

> If a petitioner wishes to exhaust his constitutional claims, he is expected to present them before the state courts in a procedurally correct manner.  If he fails to do so, he has failed to give the state a fair opportunity to pass upon those claims and, as a result, has failed to meet the requirements of exhaustion.

McGee v. Estelle, 704 F.2d 764, 768 (5th Cir. 1983) (citing Carter v. Estelle, 677 F.2d 427, 443 (5th Cir. 1982); Brown v. Estelle, 530 F.2d 1280, 1283-84 (5th Cir. 1976)).

The Texas Court of Criminal Appeals has stated that "[i]t is well-settled 'that the writ of habeas corpus should not be used to litigate matters which should have been raised on direct appeal.'"  Ex parte Gardner, 959 S.W.2d 189, 199 (Tex. Crim. App. 1998) (citation omitted).  Accordingly, a claim which is not raised on direct appeal is procedurally defaulted.  Id. at 200.  The Fifth Circuit has recognized this Texas procedural rule as being "firmly established" and "an

7

adequate state ground capable of barring federal habeas review." Busby v. Dretke, 359 F.3d 708, 719 (5th Cir. 2004) (citations omitted).  Furthermore, a state court that reaches the merits of a petitioner's claim after denying the claim for procedural default still "expressly and unambiguously bases its denial of relief on a state procedural default." Fisher v. Texas, 169 F.3d 295, 300 (5th Cir. 1999) (citing Harris v. Reed, 489 U.S. 255, 264 n.10 (1989)).  This Court is generally "precluded from reviewing the merits of the claim unless [petitioner] establishes cause for the default and actual prejudice resulting from the violation." Soria v. Johnson, 207 F.3d 232, 249 (5th Cir. 2000) (citing Coleman, 501 U.S. at 750).  However, procedural default does not bar review "unless the last state court rendering a judgment in the case has 'clearly and expressly' indicated that its judgment ... rests on a procedural bar." Amos v. Scott, 61 F.3d 333, 338 (5th Cir. 1995) (citing Coleman, 501 U.S. at 729; Harris, 489 U.S. at 263).

It is respectfully recommended that petitioner does not attempt to demonstrate cause for the default or prejudice resulting from it, and thus, his claim of insufficient evidence is procedurally barred.  See Soria, 207 F.3d at 249.

## V.  STANDARD OF REVIEW

**A.      Federal Habeas Corpus Standard of Review Pursuant to the AEDPA.**

A federal writ of habeas corpus is available to a state prisoner only if he is being held in violation of the Constitution, laws, or treaties of the United States. Boyd v. Scott, 45 F.3d 876, 881 (5th Cir. 1994) (per curiam).  Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which is applicable to habeas petitions filed after its effective date, "federal habeas relief is only merited where the state court decision is both incorrect *and* objectively unreasonable."  Morrow v. Dretke, 367 F.3d 309, 313 (5th Cir. 2004) (emphasis in original) (citing Williams v. Taylor, 529 U.S. 362, 411 (2000)); see also Riddle v. Cockrell, 288 F.3d 713, 716 (5th Cir. 2002).  The AEDPA's provisions "ensure that state-court convictions are given effect to the extent possible under law."  Bell v. Cone, 535 U.S. 685, 693 (2002) (citation omitted).

The Supreme Court has concluded that the "contrary to" and "unreasonable application" clauses of 28 U.S.C. § 2254(d)(1) have independent meanings.  Id. at 694 (citing Williams, 529 U.S. at 404-05).  The Bell Court explained:

> A federal court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  The court may grant relief under the "unreasonable application" clause if the state court

9

correctly identifies the governing legal principles but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one.

Id. (citations omitted).

The Fifth Circuit has held that federal courts may not grant a writ of habeas corpus merely on the finding of an error by a state court, but rather only where a "state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme] Court on a set of materially indistinguishable facts." Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000) (citation omitted).  A federal habeas court is to review only a state court's decision, and not the written opinion explaining its decision.  Anderson v. Johnson, 338 F.3d 382, 390 (5th Cir. 2003).  The state court's "ultimate decision" is to be tested for reasonableness, "not every jot of its reasoning." Santellan v. Cockrell, 271 F.3d 190, 193 (5th Cir. 2001). Furthermore, a state court need not cite, or "even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Mitchell v. Esparza, 540 U.S. 12, 16 (2003) (quoting Early v. Packer, 537 U.S. 3, 8 (2002)).

Absent a direct conflict with Supreme Court authority, habeas relief is only available if a state court decision is unreasonable.  Montoya v. Johnson, 226 F.3d 399, 404 (5th Cir. 2000).  A federal district court "must reverse when [it] conclude[s] that the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'"  Gardner v. Johnson, 247 F.3d 551, 560 (5th Cir. 2001).  The focus of the "unreasonable application" test of § 2254(d) is "on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of evidence."  Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam).

Finally, "[t]he AEDPA requires that [the Court] presume correct the state court's findings of fact unless the petitioner 'rebut[s] the presumption of correctness by clear and convincing evidence.'"  Morrow, 367 F.3d at 315 (quoting 28 U.S.C. § 2254(e)(1)); see also Jackson v. Johnson, 150 F.3d 520, 524 (5th Cir. 1998).  The presumption of correctness is accorded to adjudications made by a state court during review of a petitioner's state petition for habeas corpus relief.  See Morrow, 367 F.3d at 315.  The burden to rebut the presumption of correctness remains on petitioner even if the state "hearing was a 'paper' hearing and may not have been full or fair."  Id. (citing Valdez v. Cockrell, 274 F.3d 941, 950-51 (5th

11

Cir. 2001)).  The Fifth Circuit has stated that the presumption of correctness also applies to mixed questions of law and fact.  <u>Valdez</u>, 274 F.3d at 948 n.11 ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact) (citations omitted).  Findings of fact may be implied from conclusions of law.  <u>See Goodwin v. Johnson</u>, 132 F.3d 162, 183-84 (5th Cir. 1997).

**B.    Motion for Summary Judgment Standard of Review.**

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus cases.  <u>Clark v. Johnson</u>, 202 F.3d 760, 764 (5th Cir. 2000).  Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A court must consider the record as a whole by reviewing all pleadings, depositions, affidavits, and admissions on file, and by drawing all reasonable inferences in favor of the party opposing the motion.  <u>Caboni v. Gen. Motors Corp.</u>, 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any,

12

which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d

958, 960 (5th Cir. 1988).  The controverted evidence must be viewed in the light

most favorable to the non-movant, and all reasonable doubts must be resolved

against the moving party.  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

      If the moving party makes the required showing, then the burden shifts to

the non-movant to show that summary judgment is not appropriate.  Matsushita

Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fields v. City of

S. Houston , 922 F.2d 1183, 1187 (5th Cir. 1991).  The non-movant cannot rest on

the mere allegations of the pleadings to sustain his burden, but must set forth

material controverted facts in the response to the motion for summary judgment.

Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49

(1986).  Summary judgment is proper if the non-movant fails to make a showing

sufficient to establish the existence of an element essential to his case on which he

bears the burden of proof.  ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438,

441 (5th Cir. 1995); Celotex, 477 U.S. at 322-23.

# VI.  DISCUSSION

## A.    Application of the AEDPA's Deference.

To the extent that petitioner has properly presented his claims to the state courts, the Texas courts have already considered and rejected his claims.  Ex parte Alvarado, App. No. 65,156-01, at cover.  The Texas Court of Criminal Appeals denied his state habeas application without written order.  Id.  This denial of petitioner's application is not silent or ambiguous.  It is a decision on the merits and is entitled to the AEDPA's deference.  28 U.S.C. § 2254(d); see also Neal v. Puckett, 239 F.3d 683, 686 (5th Cir. 2001) (in the context of federal habeas proceedings, "adjudication 'on the merits' is a term of art that refers to whether a court's disposition of the case was substantive"); Ex parte Torres, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits).

Thus, deference to the state court decision is mandated by § 2254(d).  See Morrow, 367 F.3d at 313.  Petitioner is not entitled to federal habeas relief unless he can demonstrate that the state court's adjudication on his claims was "contrary to, or involved an unreasonable application, of clearly established federal law" or was "based on an unreasonable determination of the facts."  28 U.S.C. § 2254(d).

**B.      Petitioner's Claims are Time Barred.**

**1.      Statute of Limitations Pursuant to the AEDPA.**

The AEDPA provides a one-year statute of limitations for state prisoners to
challenge a conviction by the filing of a federal petition for habeas corpus relief.
Prieto v. Quarterman, 456 F.3d 511, 514 (5th Cir. 2006) (citing 28 U.S.C.
§ 2241(d)).  A petitioner has one year from the date his conviction becomes final to
file his federal petition for habeas relief.  Id.  A properly filed state application for
post-conviction relief tolls the AEDPA period of limitations for the entire time the
state application is pending.  Id.  A state application for post-conviction relief is
"*properly* filed when its delivery and acceptance are in compliance with the
applicable laws and rules governing filings."  Artuz v. Bennett, 531 U.S. 4, 8
(2000) (italics in original).  A state application for post-conviction relief is pending
"until the application has achieved final resolution through the State's post-
conviction procedures."  Carey v. Saffold, 536 U.S. 214, 220 (2002).  While a state
application for post-conviction relief generally tolls the AEDPA limitations period,
a state application for habeas relief that is not filed within the federal limitations
period does not toll the limitations period under § 2244(d)(2).  Scott v. Johnson,
227 F.3d 260, 263 (5th Cir. 2000).

Under "rare and exceptional circumstances," equitable tolling may also

apply pursuant to the AEDPA.  In re Wilson, 442 F.2d 872, 875 (5th Cir. 2006) (per curiam) (quoting Fierro v. Cockrell, 294 F.3d 674, 682 (5th Cir. 2002)). Equitable tolling may only apply "'where it is necessary to preserve a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" Id. (quoting Fierro, 294 F.3d at 682).  Petitioner's failure to comply with the AEDPA's statute of limitations must result from "an extraordinary factor beyond the plaintiff's control" that prevents filing on time.  Felder v. Johnson, 204 F.3d 168, 174 (5th Cir. 2000).  Ignorance of the law is insufficient to warrant equitable tolling, even for a pro se petitioner.  See Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999).  Furthermore, the Fifth Circuit has held that attorney error does not constitute a "rare and exceptional circumstance" that warrants equitable tolling. Cousin v. Lensing, 310 F.3d 843, 848-49 (5th Cir. 2002).

>   **2.   Petitioner Has Not Shown He is Entitled to Tolling of the Limitations Period.**

Petitioner was convicted on December 15, 2003, but did not file his notice of appeal until August 13, 2004.  Alvarado, 2004 WL 2634473.  The Thirteenth Court of Appeals of Texas dismissed his appeal as untimely.  Therefore, his conviction became final on January 4, 2004, which was the deadline for him to file a timely notice of appeal.  Pursuant to the AEDPA, he had one year, or until January 2005, to exhaust his state remedies and timely file a federal petition for habeas relief.  He

16

then waited until July 6, 2006 to file his state application for habeas relief.  Ex parte Alvarado, App. No. WR-65,156-01, at 2.

Petitioner's state application for habeas relief was not filed within the AEDPA limitations period, and therefore does not toll the limitations period. Scott, 227 F.3d at 263.  He does not allege that any extraordinary circumstance beyond his control prevented him from filing his federal petition for habeas relief before the expiration of the limitations period.  Furthermore, he does not demonstrate cause for the default or prejudice resulting from the default.

It is respectfully recommended that petitioner's federal habeas petition should be dismissed as time barred pursuant to the AEDPA.

**C.     Petitioner Waived His Claims By Pleading Guilty.**

The Supreme Court has explained that a criminal defendant who pleads guilty is limited in the types of challenges he may bring against his conviction:

> [A] guilty plea represents a break in the chain of events
> which has preceded it in the criminal process.  When a
> criminal defendant has solemnly admitted in open court
> that he is in fact guilty of the offense with which he is
> charged, he may not thereafter raise independent claims
> relating to the deprivation of constitutional rights that
> occurred prior to the entry of the guilty plea.  He may
> only attack the voluntary and intelligent character of the
> guilty plea by showing that the advice he received from
> counsel was not within the standards set forth in
> [McMann v. Richardson, 397 U.S. 759 (1970)].

17

Tollett v. Henderson, 411 U.S. 258, 267 (1973); accord Hill v. Lockhart, 474 U.S. 52, 56-57 (1985) ("[A] defendant who pleads guilty 'may only attack the voluntary and intelligent character of the guilty plea....'") (quoting Tollett, 411 U.S. at 267).

Furthermore, the Fifth Circuit has specifically refused to allow habeas petitioners who voluntarily pleaded guilty to challenge ineffective assistance of counsel that is unrelated to the voluntariness of the plea, and has also refused to allow such petitioners to challenge sufficiency of the evidence.  Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983) (refusing ineffective assistance claims unrelated to the validity of the plea, explaining that "once a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived") (citation omitted); Kelley v. State of Alabama, 636 F.2d 1082, 1083 (5th Cir. Unit B Feb. 1981) (per curiam) (rejecting petitioner's claim of insufficiency of the evidence).  The Fifth Circuit has explained that "*except* insofar as the alleged ineffectiveness [of counsel] relates to the voluntariness of the giving of the guilty plea," a habeas petitioner may not attack the ineffectiveness of his counsel.  Smith, 711 F.2d at 682 (citations omitted) (italics in original).  Additionally, the Fifth Circuit declined to extend review pursuant to Jackson v. Virginia, 443 U.S. 307 (1979), to pleas in guilty cases because "[s]uch a ruling obviously would permit every person who pleads guilty to seek at a later date a trial of his case for the first

18

time in the federal court system." Kelley, 636 F.2d at 1083.

Petitioner's claims do not relate to the voluntariness of his plea of guilty. Therefore, it is respectfully recommended that petitioner's guilty plea waives his claims for federal habeas corpus relief.

## D.   Petitioner's Claim of Ineffective Assistance of Counsel Is Without Merit.

Petitioner has waived claims that do not address the validity of the plea itself. See Tollett, 411 U.S. at 267. However, to the extent that he challenges the assistance of his counsel in connection with his guilty plea, such a claim is now addressed.

### 1.   Standard of Review Pursuant to Strickland v. Washington.

The Fifth Circuit has stated that when the validity of a plea is contested, "whether [the petitioner] received constitutionally deficient counsel prior to pleading guilty is relevant to the validity of the plea itself." United States v. Guidry, 462 F.3d 373, 378 n.6 (5th Cir. 2006) (citation omitted). If a habeas petitioner complains that his guilty plea was involuntary due to ineffective assistance of counsel, the Fifth Circuit has established that "he must meet the two-pronged test set out in *Strickland v. Washington*, 466 U.S. 668, 678 ... (1984)." Uresti v. Lynaugh, 821 F.2d 1099, 1101 (5th Cir. 1987). Therefore, "[t]o demonstrate ineffectiveness of counsel in the plea bargaining arena, [petitioner]

19

must establish that his trial counsel's performance: (1) fell below an objective

standard of reasonable competence and (2) that he was prejudiced by his counsel's

deficient performance."  James v. Cain, 56 F.3d 662, 667 (5th Cir. 1995) (citation

omitted).  Petitioner has the burden of proof under the Strickland test.  See Carter

v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997).  In order to show counsel's

performance was deficient, petitioner must show that "counsel made errors so

serious that counsel was not functioning as the 'counsel' guaranteed the defendant

by the Sixth Amendment."  Strickland, 466 U.S. at 687.

Counsel's challenged conduct should be evaluated from the perspective of

counsel at the time the conduct occurred.  Id. at 690.  Due to the difficulties

inherent in engaging in this analysis without being tainted by "the distorting effects

of hindsight," a court's review should be highly deferential to counsel.  Id. at 689.

The reviewing court must give great deference to counsel's performance, strongly

presuming that counsel has exercised reasonable professional judgment.  Id. at 690;

see also Romero v. Lynaugh, 884 F.2d 871, 876 (5th Cir. 1989) (there is a strong

presumption that counsel's conduct falls within a wide range of reasonable

professional assistance).

The Fifth Circuit has established that with respect to a guilty plea, counsel

"must actually and substantially assist his client in deciding whether to plead guilty

... [and] provide the accused an 'understanding of the law in relation to the facts.'" Herring v. Estelle, 491 F.2d 125, 128 (5th Cir. 1974) (citations omitted); see also Pollinzi v. Estelle, 628 F.2d 417, 419 (5th Cir. 1980) (per curiam) ("Where a defendant pleads guilty, counsel's responsibility is to determine whether the plea is entered voluntarily and knowingly, ... to assist his client actually and substantially in deciding whether to plead guilty, ... to provide the accused with an understanding of the law in relation to the facts, ... and to give advice that permits the accused to make an informed and conscious choice.") (citations omitted).  The attorney's advice "need not be perfect, but it must be reasonably competent."  Id. (citation omitted).  For a petitioner to succeed on a complaint that counsel rendered ineffective assistance in connection with a guilty plea, he must prove that counsel's "misadvice fell short of 'an objective standard of reasonableness.'"  Czere v. Butler, 833 F.2d 59, 63 (5th Cir. 1987) (citation omitted).  A petitioner must show that "the advice he received from [his attorney] during the course of the representation and concerning the guilty plea was not 'within the range of competence demanded of attorneys in criminal cases.'"  Smith, 711 F.2d at 682 (quoting Tollett, 411 U.S. at 266).

A reviewing court need not consider the deficiency prong if it concludes that petitioner has failed to show actual prejudice.  Strickland, 466 U.S. at 697; Amos,

61 F.3d at 348.  "The Supreme Court [has also] emphasized that this two-part Sixth Amendment inquiry need proceed in no particular order."  Czere, 833 F.2d at 63 (citation omitted).  The Fifth Circuit has held that a petitioner must establish "actual prejudice as a result of his counsel's ineffectiveness."  Moody v. Johnson, 139 F.3d 477, 482 (5th Cir. 1998) (citations omitted).  "When a defendant complains about attorney error concerning a plea, *Strickland*'s prejudice prong requires a showing that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial."  Uresti, 821 F.2d at 1101 (citing Hill, 474 U.S. at 59); accord Theriot v. Whitley, 18 F.3d 311, 312 (5th Cir. 1994) (per curiam) (citing Hill).

In addition, conclusory allegations of ineffective assistance of counsel do not give rise to a constitutional claim for federal habeas relief.  See Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000) ("Because [the petitioner] failed to set forth the nature of *any* of the errors trial counsel purportedly failed to preserve and did not assert any resulting prejudice, the district court properly determined that these three claims of ineffective assistance were conclusory.") (emphasis in original).  The Fifth Circuit has further held that "'[i]n the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced [petitioner], ... we [can find] no merit to these [claims].'"  Id. (quoting

22

Barnard v. Collins, 958 F.2d 634, 642 (5th Cir. 1992)).

Finally, in order to prove that he is entitled to federal habeas relief due to ineffective assistance of counsel, petitioner must overcome the presumption of correctness to which the state court's findings are entitled.  See Schaetzle v. Cockrell, 343 F.3d 440, 444 (5th Cir. 2003) ("It bears repeating that the test for federal habeas purposes is *not* whether [petitioner made a showing under *Strickland*, but] ... whether the state court's decision-that [the petitioner] did *not* make the *Strickland*-showing-was contrary to, or an unreasonable application of, the standards, provided by the clearly established federal law (*Strickland*), for succeeding on his IAC claim.") (emphases in original).  The Fifth Circuit has determined that "under AEDPA a state court decision rejecting a *Strickland* claim must be accepted unless it was an unreasonable application of its teaching." Granados v. Quarterman, 455 F.3d 529, 534 (5th Cir.), cert. denied, 127 S. Ct. 732 (2006).

### 2.    Petitioner's Claim is Without Merit.

Petitioner does not plead any facts that indicate that his counsel coerced him to plead guilty, or that would render his plea involuntary.  Furthermore, during the course of review of his state application for habeas relief, his counsel submitted a lengthy affidavit, in which he addressed his advice to petitioner during the course

of the proceedings leading up to petitioner's guilty plea:

> My notes indicate that on 11-13-03 I advised Alvarado the State's plea offer of five (5) years at TDCJ would be withdrawn unless he accepted it on that date. Alvarado insisted he was not guilty yet asked that I try to secure a plea offer of three (3) years which he was willing to accept. I contacted the Assistant District Attorney in charge of the case, Mr. Jim Story, and made the three-year counter offer. He said he would have [to] check with the victim in the case first.

> The next day, 11-14-03, at Docket Call, Alvarado refused to accept the proffer of five years and insisted on the three-year counter offer.... In addition, Mr. Story then told me that he had contacted his boss, the District Attorney, Carlos Valdez, and advised that Mr. Valdez would not authorize anything less than a five year offer.

> I, of course, relayed this information to my client and he wanted some time to reconsider the offer. Mr. Story agreed to keep the five-year offer on the table until the following Monday, 11-17-03, the date of Trial.

> On 11-17-03, we appeared before Judge Watts for trial announcement. At that point, Alvarado again made it clear that he was rejecting the five-year offer and stated that his mother had some money to hire another attorney and wanted time from the court to do so. Judge Watts then agreed to re-set the case and told us to be back on 12-15-03 for a hearing on the status of the case and to see what progress Alvarado had made in hiring other counsel.

> On 12-15-03 we appeared before Judge Watts and Alvarado had not hired anyone else to represent [him] by that time. Instead, he decided that he would enter a plea of guilty to the charges and would ask the Court to assess

24

punishment.  I can not [sic] recall what his thinking was at that point in time but I know that I had already advised him that as a Repeat Felony Offender he was looking at a minimum of five years in TDCJ - the same as the State's offer.  He insisted on the plea however and all I can recall is that Alvarado was always insisting that he should be able to get probation in this case, notwithstanding assurances that he was not eligible for probation from the jury if he went to trial.

As far as I can recall, Alvarado made the decision to plead guilty to the Court and he decided he did not want a trial to the jury.  As far as I was concerned, a plea with the agreement of five years with the State was the way to go but he did not follow my advice.  He made the plea knowingly, intelligently, and voluntarily in front of the judge, and, as far as I could see, he was not suffering from any illness or disease that could or did impair his thinking.

...

As to why I let Alvarado plead guilty when he now says he did not commit the assaults, suffice it to say that Alvarado would at one point claim innocence and in the next breath commit himself to entering a plea of guilty if only the State would offer him the three-year sentence.  I was prepared to try the case if necessary to a Jury but he made the decision to enter the plea.  He is the Defendant and he was the one that had to make that decision, not I.  In fact, if I recall correctly, if he had not insisted on going forward with the plea to the Court on that day, I was prepared to request additional time to locate one or two witnesses that Alvarado wanted me to call to testify....  Although Alvarado insists that he did not commit the assaults in question, there was certainly strong evidence in the case to the contrary and since I was not present at the time, I had to assume that he pled

> guilty because he did in fact commit the assaults in
> question.

Ex parte Alvarado, App. No. WR-65,156-01, at 26-27 (italics omitted).  The state

trial court accepted the assertions of petitioner's counsel contained in the affidavit

as true.  Id. at 29.  The Texas Court of Criminal Appeals denied petitioner's state

application for habeas relief based on the findings of the trial court.  Id. at cover.

The state court's factual findings are entitled to a presumption of correctness, and

he has not presented any facts or evidence to overcome the presumption of

correctness to which the state court's findings are entitled.

It is respectfully recommended that to the extent petitioner claims that

ineffective assistance of counsel caused him to involuntarily or unintelligently

plead guilty, his claim is without merit.

## VII.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a

habeas corpus proceeding "unless a circuit justice or judge issues a certificate of

appealability."  28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a

notice of appeal, it is respectfully recommended that this Court nonetheless address

whether he would be entitled to a certificate of appealability.  See Alexander v.

Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may sua sponte rule on

a certificate of appealability because "the district court that denies a petitioner

26

relief is in the best position to determine whether the petitioner has made a

substantial showing of a denial of a constitutional right on the issues before that

court.  Further briefing and argument on the very issues the court has just ruled on

would be repetitious.").

A certificate of appealability "may issue ... only if the applicant has made a

substantial showing of the denial of a constitutional right."  28 U.S.C.

§ 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of

the claims in the habeas petition and a general assessment of their merits."  Miller-

El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to

claims denied on their merits, "[t]he petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims

debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard

requires a § 2254 petitioner to demonstrate that reasonable jurists could debate

whether the motion should have been resolved differently, or that the issues

presented deserved encouragement to proceed further.  United States v. Jones, 287

F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483).

As to claims district courts reject solely on procedural grounds, a petitioner

must show both that "jurists of reason would find it debatable whether the petition

states a valid claim of the denial of a constitutional right and that jurists of reason

would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484 (emphasis added).

It is respectfully recommended that reasonable jurists could not debate the denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed. <u>Miller-El</u>, 537 U.S. at 327 (citing <u>Slack</u>, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that petitioner is not entitled to a certificate of appealability.

## VIII.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that this petition for writ of habeas corpus be dismissed with prejudice as time barred and for failure to state a cognizable claim for federal habeas relief.  Accordingly, it is respectfully recommended that respondent's motion for summary judgment, (D.E. 18), be granted and petitioner's request for habeas relief be denied.  Finally, it is respectfully recommended that petitioner be denied a certificate of appealability.

Respectfully submitted this 10th day of April 2007.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 8(b) of the Rules Governing § 2254 Cases; Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except on grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).